# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:10-cr-2-01 |
| v. | |
| RAHEEM RAYMOND SMITH, | |
| Defendant. | |

TO: Ishmael Meyers, Jr., Esq., AUSA
     Jesse Gessin, Esq., AFPD

## ORDER DENYING GOVERNMENT'S MOTION TO DETAIN

THIS MATTER came before the Court on January 20, 2010, for hearing upon the government's oral motion to detain Defendant pending trial. The government was represented by Ishmael Meyers, Jr., Esq., AUSA. Jesse Gessin, Esq., AFPD, appeared on behalf of Defendant. Defendant also was present.

    I.     Authorization for Detention Hearing

18 U.S.C. § 3142(f) allows such hearing in a case where the defendant is charged with ""an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act" or that "involves . . . a serious risk that such person will flee." Defendant is charged with, in addition to other counts, conspiracy to distribute a

controlled substance in violation of 21 U.S.C. § 846. The government also asserts that Defendant is a flight risk.

II. Consideration of Detention

Title 18 U.S.C. § 3142(e) authorizes the Court to detain a defendant unless the Court finds that there exists a "condition or combination of conditions [that] will reasonably assure the appearance of the persons as required and the safety of any other person and the community." Section 3142(g) enumerates factors to be considered:

(1) whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including whether, at the time of the current offense or arrest, defendant was on probation, or parole from a prior offense;

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court notes that Defendant is charged with offenses involving a narcotic drug. However, the Pretrial Services Report notes that the current charges are the only ones revealed by an NCIC search. Moreover, Defendant has ties to this jurisdiction and has offered his uncle, his father, and his mother as a proposed third-party custodians, as well as property to secure his release.

Accordingly, the Court finds that there are conditions which would reasonably ensure the safety of any other person or the community and the appearance of Defendant as required.

WHEREFORE, it is hereby **ORDERED**:

1. The government's motion to detain Defendant is **DENIED**.

2. Defendant Raheem Raymond Smith may be released into the custody of **GENE SMITH and LERNA THOMAS**, upon compliance with the Order Setting Conditions of Release filed separately.

ENTER:

Dated: January 20, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE